IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-00802-WYD-KLM

SCOTT A. LUNDY; and
MITZI H. LUNDY,

      Plaintiffs,

v.

C.B. FLEET COMPANY, INCORPORATED,

      Defendant.

---

## ORDER STAYING CASE

---

THIS MATTER is before the Court on the Unopposed Motion to Stay

Proceedings and Supporting Memorandum of Law filed July 2, 2009 (Doc. # 10).  The

motion seeks a stay pending transfer of this case pursuant to 28 U.S.C. §1407 to *In re*

*Oral Sodium Phosphate Solution-Based Products Liability Litigation*, MDL No. 2006 (the

"MDL"), pending in the United States District Court for the Northern District of Ohio.

The motion points out that on June 23, 2009, the Judicial Panel on Multidistrict

Litigation (the "Panel") ordered that centralization was appropriate for actions by oral

sodium phosphate users arising out of the same types of allegations that Plaintiff makes

here.  Attached to the motion as Exhibit A is the Panel's Transfer Order assigning the

litigation to Judge Ann Aldrich of the Northern District of Ohio.  The Panel reasoned that

"[c]entralization under Section 1407 will eliminate duplicative discovery,

avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." Transfer Order at 2.

This Court has broad discretion and authority to stay proceedings as incidental to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). As a general rule, "courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 809 (C.D. Cal. 1998). Courts have held that where a defendant would suffer hardship by having to simultaneously litigate multiple suits in different courts which could yield inconsistent judgments, and the plaintiff would only incur a slight delay, the interests of judicial economy are best served by granting a stay pending the MDL Panel's decision. *See Lilak v. Pfizer Corp., Inc.*, 2008 WL 924632 (D. Colo. 2008) (noting judicial economy promoted by transfer to MDL and granting request for stay pending transfer); *Franklin v. Merck & Co., Inc.*, 2007 WL 188264 (D. Colo. 2007) (holding that granting a stay would promote judicial economy and ensure consistent pretrial rulings pending transfer to MDL).

Defendant has properly notified the Panel that this case qualifies as a "tagalong" action, and the Panel will issue a Conditional Transfer Order. The Tag-Along Action attached to the motion to stay as Exhibit B. Once the deadline for opposition has passed, Defendant expects that the Conditional Transfer Order will become final and

will be filed in the United States District Court for the Northern District of Ohio,

effectively completing the transfer of this action to the MDL.  I agree with Defendant that

Plaintiffs therefore will not suffer prejudice by issuance of a stay and will be required to

wait, at most, a few weeks pending a determination by the Panel.  Further, I find that a

stay will avoid duplicative discovery efforts, unnecessary expenditures of judicial

resources and the parties, and maximize judicial economy among the courts.

Accordingly, it is

ORDERED that the Unopposed Motion to Stay Proceedings and Supporting

Memorandum of Law filed July 2, 2009 is **GRANTED**.  In accordance therewith, it is

ORDERED that this case is **STAYED** pending a transfer of the case to *In re Oral*

*Sodium Phosphate Solution-Based Products Liability Litigation*, MDL No. 2006.  The

parties shall immediately notify the Court once the MDL panel has ruled on the transfer.

Dated:  July 6, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge